# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Kirby Michael White Bull, | ) | Case No. 1:19-cr-006 |
| Defendant. | ) | |

Defendant is charged in an Indictment with following offenses: domestic assault by a habitual offender (Count I); assault with a dangerous weapon (Count II); assault resulting in serious bodily injury to an intimate partner (Count III); and assault of an intimate partner by strangulation and suffocation (Count IV). (Doc. No. 18).

Defendant made his initial appearance in this matter on December 31, 2018, and was remanded into the custody of the United States Marshal pending a detention hearing. (Doc. Nos. 4 and 10). The court convened a detention hearing on January 8, 2019. (Doc. No. 16). Concluding that the United States had demonstrated by clear and convincing evidence there were no conditions it could impose short of a residential facility placement that would reasonably ensure the safety of other persons or the community, it ordered defendant detained. (Doc. No. 17). In reaching this conclusion, it took particular note of defendant's previous failures while on release and the evidence presented by the United States regarding defendant's history of assaultive conduct, propensity for violence, and tumultuous relationship with the alleged victim. (Id.).

Defendant executed a plea agreement, which was filed on June 3, 2019, but did not change his plea pursuant to it. (Doc. No. 27). He later executed a second, binding plea agreement, which

1

was filed on September 15, 2019. (Doc. No. 43). This second, binding plea agreement provided in relevant part that defendant would plead guilty to Count Four of the Indictment, that the United States would move to dismiss the remaining three counts in the Indictment, and that the parties would agree to a sentence of 15 months imprisonment and 3 years of supervised release. (Id.).

On October 4, 2019, defendant appeared before the Court and entered a guilty plea to Count Four of the Indictment. (Doc. No. 46). He next appeared before the Court on January 21, 2020, for sentencing. (Doc. No. 52). According to the Clerk's minutes, defendant made requests at the outset of his sentencing hearing to withdraw his guilty plea and to be conditionally released pending trial. (Doc. No. 52). The Court took defendant's requests under advisement, continued the sentencing hearing until April 8, 2020, and instructed defendant to file motions to withdraw his plea and for his release in the interim. (Doc. Nos. 52 and 53)

On January 24, 2020, defendant filed a Motion for Bond Review. (Doc. No. 54). He requests to be conditionally released pending final disposition of this matter. He asserts that, if he had not moved to withdraw his plea to Count Four and the Court had proceeded with his sentencing on January 21, 2020, he would have effectively served his term of imprisonment would now be on supervised release.

The Court is not inclined to release defendant at this time as there have been no demonstrable change in defendant's circumstances. Moreover, as the Court noted its order of detention, the evidence presented at his detention hearing militates against his release. In reaching this conclusion, the Court focuses not on the bargain struck between defendant and the United States that defendant now wants to rescind but rather on the nature of all of the offenses charged in the Indictment and defendant's extensive history.

Accordingly, defendant's motion (Doc. No. 54) is **DENIED**. Defendant shall be placed back on the waiting list for a placement at a residential facility.

**IT IS SO ORDERED.**

Dated this 29th day of January, 2020.

>  */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court